UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

CLARENCE HAYES                      ]
    Plaintiff,                  ]
                                    ]
v.                                  ]      No. 1:11-0043
                                    ]      Judge Campbell
DR. TERESA WILLIAMS, et al.         ]
    Defendants.                 ]

**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Turney Center Industrial Prison in Only, Tennessee. He brings this civil rights action against Dr. Teresa Williams, Supervisor of the law library at Turney Center; Jerry Lester, Warden of Turney Center; and the State of Tennessee; seeking declaratory, injunctive and monetary relief.

On March 7, 2011, Turney Center adopted a policy of escorting inmates to and from meals. A consequence of this policy is that inmates now have less time available to visit the prison law library. The plaintiff alleges that, in the future, he will need more access to the prison law library to challenge his incarceration in the state and federal courts. He claims that the reduction in the time he is able to visit the law library constitutes a violation of his right of access to the courts.

The plaintiff correctly notes that a prisoner has a First

Amendment right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821-823 (1977). To insure the meaningful exercise of this right, prison officials are under an affirmative obligation to provide inmates with access to an adequate law library, Walker v. Mintzes, 771 F.2d 920 (6th Cir.1985), or some alternate form of legal assistance. Procunier v. Martinez, 416 U.S. 396, 419 (1974).

It is not enough, however, for the plaintiff to simply allege that an adequate law library or some alternate form of legal assistance has not been made available to him. He must also show that the defendants' conduct has in some way prejudiced the filing or prosecution of a legal matter. Walker, *supra* at 771 F.2d 932; Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir.1996).

In this case, the plaintiff has made no such showing of prejudice to an existing legal matter.[1] Therefore, he has failed to state a claim upon which relief can be granted. Under such circumstances, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

                                                   /s/ Todd Campbell
                                                   Todd Campbell
                                                   United States District Judge

---

[1] The complaint contains nothing but conclusory allegations. However, plaintiff's claims are more fully set forth in an Affidavit (Docket Entry No.3) that was filed with the complaint.